IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN SECTION OF TENNESSEE

JOHN DOE,

    Plaintiff,

v.                                                                                  Civil Action No.:

BIC VENTURES, LLC d/b/a SEASONS                      JURY DEMANDED
INNOVATIVE BAR and GRILL,

    Defendant.

_____

## COMPLAINT
_____

Comes the Plaintiff, John Doe, by and through under-signed counsel and would state unto this Honorable Court the following in support of his complaint for damages against the Defendant.

## I.    NATURE OF ACTION

This is an action brought under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, seeking relief for violation of the ADA's confidentiality provision and under Title VII of the Civil Rights Act of 1964 ("Title VII") harassment leading to a hostile work environment. In September of 2018, Plaintiff became very ill and was hospitalized. While admitted at the hospital his physician informed him that he had HIV. Prior to the diagnosis Plaintiff had been employed at Bic Ventures, LLC d/b/a Seasons Innovative Bar and Grill ("Defendant") for four years. Seasons is owned by Deron and Shea Little. Deron Little through the head chef made a medical inquiry about Plaintiff's illness and why he was still not able to work. The ADA requires that medical information of employees and applicants be kept confidential if the employer inquiries about the employee's medical condition. Instead of keeping this information confidential, Deron Little, held a meeting and informed all the managers of Plaintiff's medical diagnosis. The managers then informed other employees.

1

According to the Department of Health and Human Services ("HHS"), HIV/AIDS is not a disease that can be transmitted through food handling. After Deron Little's illegal disclosure of protected health information Plaintiff was subjected to work-place harassment that was severe and pervasive to the point of it creating a hostile work environment and interfered with his ability to perform the job due to his HIV status and as a result Plaintiff felt he had no choice but to quit in late October 2018.

## II. JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to ADA, 42 U.S.C. §12112 (d)(3)(B) and Title VII, as amended, 42 U.S.C. Section 2000-2(a)

2. The employment practices hereafter alleged to be unlawful were and are now being committed in the Eastern District of Tennessee.

## III. PARTIES

1. Plaintiff is a citizen of Tennessee and a resident of Knox County.

2. Defendant, Bic Ventures, LLC d/b/a Seasons Innovative Bar and Grill, is a limited liability company formed under the laws of Tennessee located at 11605 Parkside Drive, Knoxville, Tennessee 37934 and at all relevant times had continuously had 15 and continuously had at least 15 employees.

3. At all relevant times, Defendant have continuously been employers engaged in an industry affecting commerce within the meaning of sections 101(5) of the ADA, 42 U.S.C. § 12,111(5), and section 107(7) of the ADA, 42 U.S.C. § 12,117(7), which incorporates by reference section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

4. At relevant times, Defendants have been covered entities under Section 101 (2) of the ADA, 42 U.S.C. §12111(2).

## IV. ADMINISTRATIVE PROCEDURES

Plaintiff has complied with all filing requirements to the EEOC and received his right to sue letter on January 17, 2020. Plaintiff's right to sue letter is attached here as **Collective Exhibit A**.

## V. STATEMENT OF FACTS GIVING RISE TO CAUSE OF ACTION

1. Plaintiff was hired by the Defendant as a line cook.

2. In the fall of 2018, the Plaintiff became seriously ill causing him to have to call in to work sick.

3. Plaintiff's illness became so severe that it caused him to be hospitalized.

4. Deron Little made a medical inquiry on why he was out of work still.

5. Plaintiff advised Deron Little that he was notified while the hospitalized that he had contracted HIV. Plaintiff advised Deron Little not to tell anyone else about his health condition.

6. Despite Plaintiff's request to keep his protected health condition confidential, Deron Little had a staff meeting and discussed with the staff the fact that Plaintiff had been told he was HIV positive.

7. At all times prior to Deron Little publishing Plaintiff's protected health information to the staff Plaintiff had a good relationship with his co-workers.

8. After Deron Little advised his staff that Plaintiff was HIV positive Plaintiff began being treated indifferently. For example, after the publication of Plaintiff's health condition the staff began to do the following:

a. Calling Plaintiff out in front of other employees and/or employees and patrons to be sure to put on protective gloves something that was never required prior to Plaintiff's health condition being published to the staff.

b. Telling Plaintiff to remove himself from the cooking line unless he placed on gloves or otherwise to go home if he did not put gloves on. No one else was required to wear the gloves except for the Plaintiff.

c. The placement of signs all over the cooking line and kitchen that gloves must be worn at all times. Again, this was not the practice of the Defendant prior to the publication of the Plaintiff's health condition.

d. Excluding Plaintiff from promotions he was qualified for prior to his HIV positive status and otherwise persistently making condescending, embarrassing and patronizing comments to Plaintiff on nearly every occasion he was at work.

9. Despite Plaintiff going to his supervisor, Deron Little, and advising of the Discriminatory treatment he was undergoing from other management and staff members the discrimination and harassment continued and got worse.

10. After many weeks of harassment and discrimination and realizing that Plaintiff's pleas to Deron Little to make it stop, Plaintiff had not choice but to provide his two-week notice ultimately leaving his job he loved at the end of October 2018.

11. Plaintiff timely filed his claim with the EEOC. See Collective Exhibit A.

12. On January 17, 2020, Plaintiff's counsel received the right-to-sue letter from the EEOC. This lawsuit timely follows.

## VI.    STATEMENT OF CLAIMS

12. Plaintiff restates the paragraphs set forth in Section V in support of Section VI. Plaintiff is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

13. Plaintiff was employed by the Defendant as a line cook and his job duties did not involve exposure.

14. At all relevant times, Plaintiff was qualified to perform the essential function of his job duties and did so.

15. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect his status as an employee because of his disability by way of continued and extreme harassment and discrimination.

16. The unlawful employment practices complained of in Section V above through were and are intentional.

17. The unlawful employment practices complained of Section V above were done with malice or reckless indifference to the federally protected rights of the Plaintiff.

18. As a direct result of the Defendants illegal acts complained of herein Plaintiff was forced to quit his job.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS FOR JUDGMENT AS FOLLOWS:

A. Grant a permanent injunction enjoining the Defendant, its owners, officers, managers, personnel, employees, agents, successors, and assigns from engaging in any employment practice that discriminates on the bases of a disability.

B. Order the Defendant to institute and carry out policies, practices, and programs that

provide equal employment opportunities to qualified individuals with disabilities, and that eradicate the effects of past and present unlawful employment practices.

    C. Order the Defendant to make the Plaintiff whole by providing Plaintiff with appropriate lost earnings with prejudgment interest, in the amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

    D. Order the Defendants to make whole the Plaintiff by providing compensation for pecuniary losses, including but not limited to costs incurred for seeking new employment, in the amounts to be determined at trial.

    E. Order the Defendants to make whole the Plaintiff by providing compensation for nonpecuniary losses, including emotional pain, suffering, inconvenience, and mental anguish in the amounts to be proven at trial.

    F. Order the Defendant to pay the Plaintiff's attorney's fees incurred in this matter.

    G. Order the Defendant to pay punitive damages to the Plaintiff.

    H. For a jury to be empaneled and try this cause.

    I. Grant such further relief as the Court deems necessary and proper.

    Respectfully submitted,

    THE EGLI LAW FIRM

    s/Russ Egli
    Russ Egli, BPR#024408
    Co-Counsel for the Plaintiff
    11109 Lake Ridge Drive, FL3
    Knoxville, TN 37934
    (865) 304-4125
    F: (855) 827-0624
    E-mail: russelleglilaw@gmail.com

LAW OFFICES OF DARREN V. BERG

s/Darren V. Berg
Darren V. Berg, BPR#023505
Lead Counsel for Plaintiff
P.O. Box 33113
Knoxville, TN 37933
(865) 773-8799
E-mail: dberglawfirm@gmail.com